

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RAYMOND SMITH,** | : | **CASE NO. 1:00 CV 1961** |
| | : | |
| **Petitioner,** | : | |
| | : | **JUDGE LESLEY WELLS** |
| **vs.** | : | |
| | : | |
| **MARGARET BAGLEY, Warden,** | : | **MEMORANDUM OF OPINION AND ORDER** |
| | : | |
| **Respondent.** | : | |

Before the Court is Respondent Warden Margaret Bagley's ("Respondent") Memorandum to Vacate Petitioner's Order to Conduct Discovery. (ECF No. 115.) Respondent is asking this Court to vacate its Order of April 27, 2010, which granted in part and denied in part Petitioner Raymond Smith's ("Petitioner" or "Mr. Smith") request for discovery. (ECF No. 113.) Mr. Smith opposed Respondent's request in a "Response" to Respondent's "Memorandum." (ECF No. 116.) For the following reasons, the Court denies Respondent's request.

**I. Relevant Background**

On April 27, 2010, this Court issued an Order granting in part and denying in part Petitioner's First Request for Leave to Conduct Discovery. (ECF Nos. 110, 113.) Mr.

Smith requested certain discovery to support three claims raised in his habeas Petition; namely, claims based on the Confrontation Clause of the Sixth Amendment, prosecutorial misconduct, and the suppression of exculpatory and/or impeachment evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). Each of these claims alleges constitutional violations arising from the unavailability at trial of a key witness for the prosecution, Mr. Smith's son Michael Smith, and the trial court's admission of Michael Smith's deposition into evidence. This Court ruled that, disregarding Respondent's contention that the claims are procedurally defaulted, based on two affidavits Mr. Smith submitted in support of his motion, Mr. Smith had made allegations that, if proven, could lead to federal habeas relief. (ECF No. 113, 4, 5.) The Court therefore granted limited discovery related to Michael Smith's unavailability at trial, including the Lorain County Prosecutor's files for Mr. Smith's and his co-defendants' cases, Elyria Police Department documents, and depositions of the lead prosecutor and two detectives. The Court denied Mr. Smith's request to obtain documents from the Lorain County Probation Department. (*Id.* at 4-7.)

Respondent now requests, through her "Memorandum," that the Court vacate this Order based on the recent United States Supreme Court decision *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). (ECF No. 115.) Mr. Smith opposes Respondent's request, asserting that *Pinholster* does not apply. (ECF No. 116.)

**II. Analysis**

Respondent's "Memorandum" requesting that the Court vacate its April 27, 2010, Order is essentially a motion for relief from an order. As such, the Court must treat it as a motion under Federal Civil Rule 60(b), which allows a court, "[o]n motion and just terms,"

to relieve a party from a prior order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).[1]

Respondent's request falls under subsection (6), which the Sixth Circuit Court of Appeals has ruled applies only in "exceptional or extraordinary circumstances" not specifically addressed by the first five numbered clauses of the Rule. *See, e.g., Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Courts, therefore, must employ Rule 60(b)(6) "only in 'unusual and extreme situations where principles of equity *mandate* relief.'" *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001), quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis original).

It is well established that a change in decisional law is generally not, by itself, an "extraordinary circumstance" calling for relief under Rule 60(b)(6). *See, e.g., Blue Diamond Coal Co.*, 249 F.2d at 524, citing *Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary

---

1 The federal civil rules apply in habeas cases "to the extent that they are not inconsistent with any statutory provisions or [the habeas rules] . . . ." Habeas Corpus Rule 12.

circumstances required for relief under Rule 60(b0(6) . . . .").

In this case, Respondent bases her request to vacate the discovery order on the recent Supreme Court decision *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). In *Pinholster*, the Court held for the first time that federal habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 1398. Thus, Respondent asserts, Mr. Smith is not entitled to further discovery, because "[t]o the extent, if any, that Smith's claims are based on matters of record, and were actually raised on direct appeal in state court, this court is barred from resorting to evidence outside the record to consider the reasonableness of the state courts' rejection of the claims." (ECF No. 115, 3.) Mr. Smith counters that because the state post-conviction appellate court ruled that his Confrontation Clause and prosecutorial misconduct claims were procedurally defaulted, the claims were not adjudicated on the merits and *Pinholster* does not apply. (ECF No. 116, 8.)

This Court finds that it need not reach the issues of procedural default or *Cullen v. Pinholster*'s application to Mr. Smith's claims or discovery requests at this time. As the District Court for the Southern District of Ohio recently stated, "*Pinholster* did not, strictly speaking, alter or even speak to the standards governing discovery set forth in [Habeas] Rule 6 . . . and *Bracy v. Gramley*, 520 U.S. 899, . . . (1997) (habeas corpus petitioner is entitled to discovery upon showing of good cause). That is reason enough to refrain from invoking *Pinholster*'s restrictions at the discovery phase." *Conway v. Houk*, No. 2:07-CV-947, 2011 WL 2119373, at *3 (May 26, 2011 S.D. Ohio). The court in *Conway* then listed several scenarios in which *Pinholster* may not apply later in the case: the petitioner may

never seek to add to the record the information learned through the discovery at issue; the court may determine, independent of the new evidence and based solely on the evidence that was before the state courts, that the petitioner's claims merit habeas relief under Section 2254(d); or the petitioner may exhaust additional claims based on new facts in the state courts. *Id.*

Here, the Court issued its discovery order nearly 17 months ago, and, presumably, the discovery is almost complete. This Court, therefore, is not inclined to interrupt the discovery process based on new decisional law that may or may not apply in this case down the road. This is not the kind of exceptional or extraordinary circumstance reserved for Rule 60(b)(6) relief, nor is this an instance where principles of equity are at stake.

Nevertheless, it is important to note, as did the *Conway* Court, that this order should not be construed to suggest that Mr. Smith will be entitled to a stay and abeyance to exhaust further claims in state court, or that *Pinholster* will not preclude expansion of the record or an evidentiary hearing relating to the information obtained through discovery conducted pursuant to the April 27, 2010 Order.

## III. Conclusion

Accordingly, Respondent's request that this Court vacate its April 27, 2010 Order is

denied. Further, the Court orders Mr. Smith to complete all discovery conducted pursuant to that Order and file a status report regarding the discovery by October 31, 2011.

IT IS SO ORDERED.

LESLEY WELLS
UNITED STATES DISTRICT JUDGE

September 15, 2011